## EVANS AND EVANS, Admrs. vs. LAMAR.

1. An execution in the hands of the sheriff is not a lien upon the ungathered crop of the defendant.
2. A deed conveying property absolutely to the trustee for the payment of certain specified debts of the grantor, which contains no reservation or stipulation of any benefit to the grantor, and imposes no condition prejudicial to, or restrictive of the rights of the secured creditors, or tending to delay them in the collection of their debts, is not fraudulent on its face, although it gives the trustee a discretion as to the time and manner of selling the crops conveyed by it; if the trustee, in such case, refuse to act promptly, or within a reasonable time, the secured creditors might compel him in equity to do so, or have him displaced and another appointed.

ERROR to the Circuit Court of Autauga.

Tried before the Hon. A. B. MOORE.

On the 25th August, 1849, George R. Evans sued out a writ of *fi. fa.* against Obediah Lamar, on a judgment in his favor in the County Court of Autauga, for the sum of $632,06, which came to the hands of the sheriff of that county, on the 29th August, 1849, and was returned by him endorsed "not received in time to make the money," on the 13th September, 1849. An *alias fi. fa.* was issued on the 13th, and came to the hands of the sheriff, on the 15th September, 1849. This *fi. fa.* is returned, levied on 4 bales of cotton, 7,000 lbs. ginned cotton and 8,000 lbs. seed cotton, on 12th Oct., 1849. It is further returned that this property was claimed by Dent Lamar, and bond given for the trial of the right. The cause was continued for four terms, at one of which the death of the plaintiff was suggested, and the cause was revived in the name of his administrator and administratrix.

On the trial, as appears by the bill of exceptions, after the plaintiff in execution had shown his levy, and that the property was in the possession of Obediah Lamar when the levy was made, the claimant introduced a deed of trust made by Obediah Lamar to himself, dated the 3d September, 1849, by which the growing crop of cotton, corn, &c., of the former, was conveyed to the latter absolutely, but on trust that he would pay certain simple contract debts and judgments to sundry persons therein named, amounting in the whole to about $3,500, all of which, at the time of the making of the deed, were past due. The deed stipulates, that "it is agreed between the parties, that he (Dent Lamar, the trustee,) is hereby authorized and empowered, to sell all or any part of the said crop of corn, fodder or cotton, either at private or public sale as he may deem best, and at such times as he may deem proper, either for cash or on credit, and out of the proceeds of said sale, pay and satisfy, &c.," "and if any of the proceeds of said sale should remain after paying said notes and judgments, he is to apply such overplus to the payment of any debt or debts of the grantor, for which and upon which he (Dent Lamar) is security, that he may think proper." This deed is subscribed by the grantor alone, and was duly acknowledged and deposited for record on the day of its date. In connection with the deed, the claimant introduced other proof, tending to show that the cotton levied on was of the

crop conveyed by the deed. The plaintiff in execution moved the court to exclude the deed from the jury, because it was fraudulent on its face, which motion was overruled, and the plaintiff in execution excepted.

In the charge to the jury, the court instructed them, that the plaintiff in execution had no lien by virtue of his execution on the growing crop of Obediah Lamar, except on that portion of it which was gathered before the execution of the mortgage. To which the plaintiff in error also excepted.

The points reserved in the bill of exceptions are assigned for error.

GAYLE & GAYLE, for plaintiffs in error:

1. The deed was fraudulent on its face, and should have been excluded from the jury. Gazzum v. Points, 4 Ala. 374; 10 Ala. 92; 12 Ala. 101; 5 Ala. 324; 7 Ala. 365; 16 Ala. 560; 1 Iredell 498.

2. The charge of the court as to the lien of the execution, was erroneous. 5 Ala. 740, dissenting opinion of Ormond, J., and cases cited on R. H. Smith's brief in that case.

LIGON, J.—Two questions are raised on the record by the assignment of errors: 1. Is an execution in the hands of the sheriff a lien on the ungathered crop of the defendant? 2. Is the deed from Obediah Lamar to Dent Lamar fraudulent on its face, and void as to his creditors?

1. While it may be conceded that an ungathered crop is regarded as the chattel of the person who owns it, and, by the common law, is subject to be levied upon and sold under execution for the payment of his debts; yet the legislature of this State has, by special enactment, exempted such property from levy and sale under execution. Clay's Dig. 210, § 46. This act was construed by this court in the case of Adams v. Tanner & Horton, 5 Ala. 740, and it was there held, that the lien of a *fi. fa.* does not attach until the crop is gathered. We are satisfied with this construction, and are not inclined to disturb it.

2. A deed which postpones a creditor in the collection of his debt, beyond the time of its maturity, is not valid as a conveyance of the property mentioned in it, until it is assent-

ed to by the creditor. Until that time, it is a mere power, and may be revoked by the levy of an execution by the creditor on the property intended to be conveyed by it. Neither will the assent of the creditors to such a deed be presumed. Nelson v. Dunn, 15 Ala. 502; Lockwood v. Nelson, 16 Ala. 294; Smith v. Leavitts, 10 Ala. 93; Graham v. Lockhart, 8 Ala. 9; Elmes v. Sutherland, 7 Ala. 262.

But where the deed is absolute in its terms, and conveys property to the trustee for the benefit of certain specified creditors, who have not executed it, but whose debts are not postponed beyond their maturity, the assent of the creditors will be presumed, and the deed is not a mere power, but will be regarded as a valid and operative conveyance. Kinnard v. Thompson, 12 Ala. 487; Maulden, Montague & Co. v. Armistead, 14 Ala. 702; Lockwood v. Nelson, 16 Ala. 295.

In the deed under consideration, the property is conveyed absolutely to the trustee, for the payment of all the debts enumerated in it, and no condition is imposed prejudicial to the creditors, or restrictive of their rights. Neither is any benefit to the grantor stipulated for by its provisions. The discretion as to the time and manner of selling the crops conveyed, which, by its terms, is given to the trustee, does not affect the *bona fides* of the transaction, or tend to delay the creditors in the collection of the debts secured. Were the trustee to refuse to act promptly or within a reasonable time, they might compel him in equity to do so, or have him displaced, and one appointed who would faithfully execute the trust created by the deed.

We are clear that the deed is not fraudulent on its face, and that there was no lien on the cotton, in favor of the plaintiffs in error, resulting from their execution in the hands of the sheriff, at the time the deed was executed, unless it be on that part, if any, which was gathered at that time.

The ruling of the court below is entirely consistent with these views, and its judgment is consequently affirmed.