Voorhees v. Patterson.

J. R. VOORHEES, *as Sheriff*, &c., v. ROBERT PATTERSON.

EXEMPTION LAW; *Reaping and Mowing Machine; Debt for Purchase-Money.*
A "McCormick Advance Reaper and Mower" is a "farming utensil" within the meaning of subdivision 6 of section 3 of the act relating to exemptions; and in the hands of a farmer, who is the head of a family, and has less than $300 worth of farming implements, it is exempt from an execution issued on a judgment rendered on a promissory note given for the purchase-money of such reaper and mower.

*Error from Marshall District Court.*

IN an action before a justice of the peace, C. H. & L. J. McCormick recovered a judgment against *Patterson* for $231, and costs. Such judgment was rendered upon a promissory note given by *Patterson* to the McCormicks for a "McCormick Reaper and Mower," purchased by him of them in February 1876. An execution was issued upon such judgment, and placed in the hands of *Voorhees*, as sheriff of Marshall county, for collection. *Voorhees* levied upon the mower and reaper for which the note mentioned had been given, and upon certain other property; and thereupon *Patterson* brought

replevin, claiming that all the property levied on was exempt from execution. The replevin action was tried in the district court, at the August Term 1876. Judgment was given in favor of *Patterson*, and *Voorhees* brings the case here. No question is raised here as to any property except the mower and reaper.

*A. E. Park*, for plaintiff in error.

*J. A. Broughton*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only questions involved in this case are, whether a certain machine known as a "McCormick Advance Reaper and Mower," is a "farming utensil," within the meaning of subdivision 6 of section 3 of the act relating to exemptions, (Gen. Stat. 474,) and whether such a machine in the hands of a farmer who was the head of a family, and had less than three hundred dollars worth of farming implements, would be exempt from an execution issued against such farmer on a judgment rendered on a promissory note given by such farmer for the purchase-money of said machine. The court below found both that said machine was a "farming utensil," and that it was exempt from said execution; and we are now asked by the plaintiff in error to reverse these rulings of the court below.

Unfortunately for the plaintiff in error, there is nothing in the record brought to this court that shows what kind of a machine a "McCormick Advance Reaper and Mower" is. We suppose however that it differs from a scythe, a sickle, or a cradle. In fact, outside of the record we know this to be true; but still the record does not show it. But taking our own knowledge of what a "McCormick Advance Reaper and Mower" is, we would say that we think it is a "farming utensil" within the meaning of the exemption laws; and under the circumstances of this case we think it was exempt from said execution. We know of no reason why it should not be exempt from an execution issued on a judgment ren-

dered on a promissory note given for the purchase-money, as well as from any other execution. The plaintiff in error has not furnished us with any such reason, and the statute does not make any difference between the execution issued in this case and executions issued on judgments not rendered for purchase-money.

The judgment of the court below will be affirmed.

All the Justices concurring.