EDWARDS *v.* THOMPSON.

(*Jackson.*    May 25th, 1887.)

EXECUTION.    *Lien relates to teste.    Growing corn crop not subject to, prior to 15th November.*

The lien of an execution issued upon the judgment or decree of a court of record relates to its *teste,* and attaches to all personalty owned by the debtor between the *teste* and the levy of the execution, so as to defeat all intermediate transfers; but a growing corn crop, being exempt from levy until 15th November, is not subject to this lien of the execution until that date, so as to overreach or defeat a prior *bona fide* sale thereof by the owner.

Code cited: § 3749 (M. & V.); § 3036 (T. & S.)

Cases cited and approved: Watkins *v.* Wyatt, 9 Bax., 256, 257; 7 Yer., 529; 9 Yer., 443; 1 Yer., 291; 4 Hum., 367; 9 Hum., 91; 1 Swan, 304; 2 Swan, 292; 3 Head, 438; 1 Cold., 396; 9 Lea, 335; 2 Lea, 701.

FROM   WEAKLEY.

Appeal in error from the Circuit Court of Weakley County.   CLINTON ADEN, J.

C. M. EWING for Edwards.

H. H. BARR for Thompson.

CALDWELL, J.   In July, 1879, A. M. Boyd obtained a decree in the Chancery Court at Dresden against W. T. Edwards for $1,073.31.

Execution issued on this decree December 6th,

1884, and two days thereafter was levied upon a crop of corn as the property of the execution debtor.

The writ bore *teste* of the first day of the preceding July term; and the corn was standing in the field, ungathered, at the time of the levy.

T. R. Edwards, who had purchased the corn from W. T. Edwards about the 1st of September, 1884, before it was mature, brought this action of replevin against the Sheriff for the possession of the corn. His Honor, the Circuit Judge, tried the case without the intervention of a jury, and rendered judgment in favor of the Sheriff. Edwards has brought the case to this Court by writ of error.

It is a familiar doctrine that the lien of an execution from the judgment or decree of a court of record relates to its *teste*, and attaches to all personalty owned by the debtor between the *teste* and the levy, so as to defeat the title of all intermediate purchasers. 7 Yer., 529; 9 Yer., 443; 1 Yer., 291; 4 Hum., 367; 9 Hum., 91; 1 Swan, 304; 2 Swan, 292; 3 Head, 438; 1 Cold., 396; 9 Lea, 335, etc.

Growing crops, when *fructus industriales*—the product of annual planting, such as corn, wheat, rye, potatoes, etc.—are personal property. *Kimball* v. *Sattley*, 45 Am. R., 616; *Parner* v. *Piercy*, 17 Am. R., 591, and note; 1 Benj. on Sales (Ed. of 1883), Secs. 120 to 127; *Carson* v. *Browder*, 2 Lea, 701.

At common law such crops are subject to levy and sale under execution. *Whipple* v. *Foot*, 2 John-

46

son, 422; 1 Dev. & Bot. Law, 242, and citations; Herman on Ex., Sec. 125; 45 Am. R., 616; Benj. on Sales, Sec. 121.

In this State the right of a creditor to levy upon the growing crop of his debtor is recognized by statute; but that right cannot be exercised "until the fifteenth of November, after such crop is mature," unless the owner absconds, conceals himself, or leaves the country. Code (M. & V.), § 3749.

The contention of the learned counsel for Thompson is that the limitation contained in this statute does not affect the lien of the execution, but only defers the time of levy and sale. The position is plausible, but we think it is not in accordance with the spirit and letter of the statute.

The doctrine of relation—as to executions—had its origin in a desire on the part of the courts to prevent the debtor from alienating his property to the injury of the creditor after judgment. Hence, the lien of the execution relates to its *teste* (as to personalty), and attaches to all such property as the creditor may be entitled to take in satisfaction of his writ. But if for any reason the property of the debtor cannot be seized under execution, it cannot be affected by the usual lien or the doctrine of relation. If the property be absolutely protected from execution under statutory exemption laws, of course there is no lien upon it. So, if it is free from execution during a specified period, it is free from the lien during the same period.

The lien of an execution, as such, exists only in connection with the execution itself, and cannot attach to property before the property is subject to levy.

The corn in the case before us passed to the purchaser free from the lien of the execution, the sale having been made before the 15th of November, when the corn first became subject to levy.

Speaking upon this subject Mr. Freeman says:

"As an illustration of this rule we may mention that in a State where growing crops are liable to be seized and sold they are bound by the execution lien; while in States where they cannot be levied upon until gathered they are not, before gathering, subject to such lien." Freeman on Ex., Sec. 197. For the first part of this statement the author cites *Lindley* v. *Kelley*, 42 Ind., 294, and for the other he cited *Evans* v. *Lamar*, 21 Ala., 333, and *Adams* v. *Tanner*, 5 Ala., 740.

In discussing the power of a judgment debtor to lawfully mortgage *a crop to be planted* by him, this Court, speaking through Judge Sneed, said:

"The judgment in this case certainly created no lien upon the crop which the statute protected from levy until after maturity." *Watkins* v. *Wyatt*, 9 Bax., 256, 257.

The judgment below is reversed, and judgment rendered here for Edwards. Thompson will pay all costs.