SIMON P. DONMYER *et al.*, *as Executors of the estate of Lewis Donmyer, deceased,* v. ELIZABETH DONMYER.

1. HEAD OF FAMILY—*Articles Exempt.* Under the provisions of the last clause of subdivision 6, § 3, chapter 38, relating to exemptions, (General Statutes of 1889,) a resident of the state, being the head of a family, has exempt from seizure and sale upon any attachment, execution, or other process, the articles specifically named therein, such as the wagon, cart or dray, etc., and in addition thereto "other farming utensils, including harness and tackle for teams, not exceeding in value three hundred dollars."

2. PERSONAL PROPERTY—*Widow May Keep What.* The widow is allowed to keep absolutely for the use of herself and the children of her deceased husband, all personal property of the deceased which was exempt to him from sale and execution at the time of his death.

*Error from Saline District Court.*

THE opinion states the case. Judgment for defendant *Donmyer,* at the December term, 1887. The plaintiffs bring the case to this court.

*Mohler & Millikin,* for plaintiffs in error.

*Lovitt & Norris,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The district court ruled that Elizabeth Donmyer, as widow of Lewis Donmyer, deceased, under the

provisions of the act respecting executors and administrators, and the settlement of the estates of deceased persons, was entitled to keep, absolutely for the use of herself and children of the deceased, out of the estate of the deceased, the following articles of personal property, to be set apart to her without appraisement, to wit: "One Bain wagon, valued at $55; two sulky plows, valued at $45; one harrow, valued at $10; and, in addition thereto, all other farming utensils belonging to said estate, not exceeding in value the sum of $300." To this the executors of the estate of Lewis Donmyer, deceased, excepted, and bring the case here.

Section 49, chapter 37, General Statutes of 1889, provides:

"In addition to her portion of her deceased husband's estate, the widow shall be allowed to keep, absolutely for the use of herself and children of the deceased, all personal property of the deceased which was exempt to him from sale and execution at the time of his death."

Section 3, chapter 38, General Statutes of 1889, relating to exemptions, reads:

"Every person residing in this state, and being the head of a family, shall have, exempt from seizure and sale upon any attachment, execution, or other process issued from any court in this state, the following articles of personal property: . . . Sixth, the necessary food for the support of the stock mentioned in this section for one year, either provided or growing, or both, as the debtor may choose; also, one wagon, cart, or dray, two plows, one drag, and other farming utensils, including harness and tackle for teams, not exceeding in value three hundred dollars."

The question presented in the record is, does the three hundred dollars' worth of property mentioned in subdivision 6 of § 3 include the articles specifically named therein, such as the wagon, cart, dray, etc., or does the subdivision exempt three hundred dollars' worth of property in addition to the articles therein named? Exemption statutes are to be liberally construed. (*Mallory v. Berry*, 16 Kas. 293; *Rasure v. Hart*, 18 id. 340.)

Giving the statute a liberal construction, we think the dis-

trict court ruled rightly in holding that the widow and children were entitled to the wagon, the plows and harrow, and, in addition to those articles, "other farming utensils, including harness and tackle for teams, not exceeding in value three hundred dollars."

In *Voorhes v. Patterson*, 20 Kas. 555, the question raised by this record was not before the court.

The judgment of the district court will be affirmed.

All the Justices concurring.