# North Alabama Development Co. v. Short.

101   333
,108   161
101   333
139   606

## Action on Promissory Note.

1. *Promises to pay the debt of another.*—A promise of one person to pay a debt due from him to another, for a valuable consideration, enures to the benefit of the latter, if he elects to claim the benefit thereof ; and he may sue in his own name to recover the amount so agreed to be paid.

APPEAL from the Circuit Court of Franklin.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Albert Short against the North Alabama Development Company ; and counted on a promissory note made by one A. Parish to the plaintiff, and assumed and agreed to be paid by the North Alabama Development Company, in part payment of the purchase money for certain land purchased from A. Parish. The only question in the case presented on this appeal, and which is decided, is sufficiently shown in the opinion. The cause was tried by the court without the intervention of a jury, and after hearing the evidence, the court rendered judgment for the plaintiff. Defendant appeals, and assigns as error the rendering of this judgment.

ROULHAC & NATHAN, for appellant.

ALMON & BULLOCK, *contra*.

COLEMAN, J.—Albert Short, the owner of certain real estate sold and conveyed the same to one A. Parish, who executed to his vendor, Short, his promissory note for six hundred dollars. Parish sold the same land to the North Alabama Development Company, the consideration being, that the North Alabama Development Company "assumed and agreed to pay at maturity the note executed by Parish to Short." Short was not a party to the conveyance and agreement between Parish and the North Alabama Development Company. The

[Kent et al v. Mansel et al.]

only question in the case is, whether Short can maintain an action in a court of law against the North Alabama Development Company, on its covenant and agreement with Parish, its vendor,·to pay the Short debt. Whatever may be the rule in other States, it is not an open question in this State. In *Dimmick v. Register*, 92 Ala. 458, 9 So. Rep. 79, the court uses this language : "It was a promise the creditors could claim the benefit of, and on which they could maintain an action in their own names. The debt became *prima facie* a debt to them, and Wilkins and associates (the person making the sale) could maintain no action upon it, unless the creditors repudiated the substitution, or, the promise not being kept, coerced or took steps to coerce payment from the original debtor. We discussed these questions so fully, both on reason and authority, in *Young v. Hawkins*, 74 Ala. 370 and *Coleman v. Hatcher*, 77 Ala. 217, that we deem it unnecessary to further reproduce the argument. The promise enured to the benefit of the creditors, and *prima facie*, they alone can claim payment or sue for the breach of the agreement. See also *Huckabee v. May*, 14 Ala. 263 ; *Lockwood v. Nelson*, 16 Ala. 294 ; *Mason v. Hall*, 30 Ala. 599."

The precise question, and upon a contract containing the exact covenant and assumptions as in the case at bar, was recently decided in the circuit court for the Northern District of Alabama in the case of the *North Alabama Development Co. v Orman*, and the court held that Orman could maintain the action, citing the Alabama cases *supra*.

There was no error in the judgment rendered.

Affirmed.