W. D. TAYLOR, *Administrator etc.* v. SCOTT E. WINNIE *et al*.

### No. 10348.

EXEMPTION—*library of resident professional man, who leaves surviving him only a son, passes absolutely to such son, though of full age and a non-resident.* A lawyer, not the head of a family, died in the possession of a law library. His wife had previously died, and only a son survived him, who lived in another state, was more than twenty-one years of age, and did not depend upon him for support. *Held*, that the library was exempt from attachment and execution, and that upon the death of the owner it passed absolutely to the surviving son.

Error from Reno District Court. F. L. Martin, Judge. Opinion filed January 8, 1898. *Affirmed*.

*Fred W. Casner* and *H. Fierce,* for plaintiff in error.
*Le Roy Kramer,* of counsel.

*McKinstry & Fairchild,* for defendants in error.

JOHNSTON, J. H. C. Johns, who was engaged in the practice of law at Hutchinson, Kan., died intestate, leaving no widow surviving him, but only a child, who was self-supporting, was more than twenty-one years of age, and a non-resident of the state. He owned, and died in the possession of, a law library, valued at $2,457.50, the right to which is the subject of the present controversy. The substantial point of dispute between the parties is, whether the library constitutes assets of the estate, to be administered upon by the administrator, or whether, being exempt, it passed absolutely to the surviving child.

While Johns was not the head of a family and had no one depending upon him for support, his library was nevertheless exempt from attachment and execution. The statute provides that the library of a professional man residing in this State, who is not the head of a family, is exempt. Gen. Stat. 1897, ch. 118, § 5. The statute makes provision for the disposition of exempt property, and prescribes that the widow shall be allowed to keep absolutely out of the estate for the use of herself and children all the personal property of the deceased which was exempt to him from sale or execution at the time of his death. "If there be no children, then the said articles shall belong to the widow; and if there be children and no widow, said articles shall belong to such children." The property so kept out of the estate is not to be appraised as assets of the estate, nor is it liable in any event for the debts of the deceased. Gen. Stat. 1897, ch. 107, §§ 60, 61, 62. To entitle a widow or children to the benefits of the

2—59 KAN.

foregoing provision it is not necessary that they should have been residing with the deceased at the time of his death, or that they should have been dependent upon him for support. Neither are the benefits confined to minor children, nor to those who are residents of the State. There are doubtless greater reasons for providing exemptions in favor of the head of a family and extending the protection of the exemption to a widow or children who were dependent on him for a support. From considerations of public policy, however, an exemption is absolutely given to one who is not the head of a family; and the statutes provide without qualification that personal property of the deceased at the time of his death shall be kept by the widow or the children regardless of condition, age, or residence. It is contended that where there is no family relation or family needing protection there is no reason why the property of the deceased should not be appropriated to the just claims of creditors. But this is an argument to be addressed to the law-making department. It was competent for the Legislature to extend the exemption to one who was not the head of a family, and to provide that upon his decease the property should pass absolutely to the widow and children. It has done so in terms that admit of no doubt; and with the necessity or wisdom of such provision the court has nothing to do. It cannot be regarded as a hardship upon creditors, as credit could not have been extended or satisfaction anticipated from the property in question. As has frequently been declared, exempt property is something toward which the eye of the creditor need never be turned. Under the statutes the property passed absolutely to the son of the deceased, and was not subject to the payment of the costs and expenses of administration or the payment of debts. He having the right to keep the library ab-

solutely out of the estate, the administrator was not entitled to the possession of the same, and the court ruled correctly in sustaining the demurrer to the plaintiff's petition.

Judgment affirmed.