### In re T. C. BURNETT & CO.

(District Court, E. D. Tennessee. July 17, 1912.)

#### No. 1,253.

1. BANKRUPTCY (§ 143*)—ADJUDICATION—EFFECT—TRANSFER OF PROPERTY.

Bankr. Act July 1, 1898, c. 541, § 6, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), provides that the act shall not affect the allowance to bankrupts of the exemptions prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for six months or the greater portion thereof immediately preceding the filing of the petition, and section 70a declares that the trustee of the bankrupt's estate shall be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt, except in so far as relates to property which is exempt, to all property which prior to the filing of the petition he could by any means transfer or which might have been levied on and sold under judicial process against him. Held that, under such sections, the trustee is vested with the bankrupt's title to all property which either could have been transferred, or which might have been levied on and sold under judicial process, except property exempt to the bankrupt under the laws of the state.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224; Dec. Dig. § 143.*]

2. BANKRUPTCY (§ 143*)—TITLE OF TRUSTEE—PROPERTY NOT SUBJECT TO LEVY.

Under Bankr. Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), providing that the bankrupt's trustee shall be vested by operation of law with the bankrupt's title to all nonexempt property which prior to the filing of the petition he could by any means have transferred, or which might have been levied on and sold under judicial process against him, the mere fact that property which is not exempt under the state law could not have been levied on and sold at the date of the adjudication would not prevent the bankrupt's title from passing to the trustee if the bankrupt by any means could have transferred the title.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224; Dec. Dig. § 143.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** BANKRUPTCY (§ 396*)—"EXEMPTIONS"—STATE LAWS.

Shannon's Code Tenn. § 4764, provides that a levy may be made on a growing crop, but not until November 15th after the crop is matured, and then only subject to the landlord's lien, if any, but, if the crop owner absconds, conceals himself, or leaves the country, an attachment or execution may be levied on the standing crop at any time. *Held* that, since an exemption is defined to be a right given by law to a debtor to retain a portion of his property without its being liable to execution at the suit of a creditor or to a distress for rent, such section does not render .a debtor's interest in a growing crop exempt property, and hence a bankrupt was not entitled to have it set aside to him as property exempt under the state law.

[Ed. Note.—For other.cases, see Bankruptcy, Cent. Dig. §§ 659–668, 670; Dec. Dig. § 396.*

For other definitions, see Words and Phrases, vol. 3, pp. 2579–2581.]

**4.** BANKRUPTCY (§ 143*)—ASSETS—PROPERTY PASSING TO TRUSTEE—GROWING CROP.

Since a bankrupt's interest in a growing crop in Tennessee is not exempt property, but is an interest which he may sell or mortgage prior to the time of levy, it constitutes property passing to the trustee on adjudication as provided by Bankr. Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224; Dec. Dig. § 143.*]

In Bankruptcy. In the matter of bankruptcy proceedings of T. C. Burnett & Co. The referee denied the bankrupt's application to set aside his interest in a wheat crop as an exemption, and he filed a petition for review. Affirmed.

McCanless & Coleman, of Morristown, Tenn., for bankrupt.

E. R. Taylor and Holloway & Hickey, all of Morristown, Tenn., for trustee.

SANFORD, District Judge. An involuntary petition in . bankruptcy was filed against the defendant T. C. Burnett, individually and trading under the name of T. C. Burnett & Co., on April 27, 1912, and he was adjudged a bankrupt thereunder· on May 15, 1912. He subsequently filed his schedules in which he claimed as exempt a one-half undivided interest in a growing wheat crop on certain lands. The trustee in bankruptcy having refused to set aside this interest in the wheat crop as an exemption, and the bankrupt having excepted to his action, the Referee in Bankruptcy entered an order sustaining the trustee's action in refusing to set aside this interest in the wheat crop as an exemption, and overruling the bankrupt's exceptions thereto. The bankrupt thereupon filed a petition for the review of this order of the Referee.

[1, 2] Section 6 of the Bankruptcy Act provides that the Act "shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition." Section 70a provides that the trustee of the bankrupt's estate shall "be vested by operation of law with the title of the

bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

Clearly under these two sections the trustee is vested with the bankrupt's title to all property which either could have transferred or which might have been levied upon and sold under judicial process, except property exempt to the bankrupt under the laws of the State. And if the property is not so exempt under the State laws, then manifestly, under section 70, the mere fact that the property could not have been levied upon and sold at the date of the adjudication would not prevent the bankrupt's title from passing to the trustee if it were property which the bankrupt could by any means have transferred, the language of this provision being in the alternative form. The statement in Smalley v. Laugenour, 196 U. S. 93, 97, 25 Sup. Ct. 216, 217 (49 L. Ed. 400), that if "exempt property" under the State statute is not subject to levy and sale under those statutes it cannot be made to respond under the Act of Congress, is not in conflict with this view, as it does not refer to property which is merely not subject to levy and sale, but to "exempt property" which is not subject to levy and sale.

The question to be determined in this case, then, is whether or not the bankrupt's interest in the growing wheat crop was exempt property under the laws of Tennessee. Whether this exemption is to be determined as of the date the petition in bankruptcy was filed or as of the date of the adjudication in bankruptcy, as to which there has been a conflict of opinion, as appears from 1 Loveland on Bankruptcy (4th Ed.) § 416, p. 863, and the cases therein cited, is, in the present case, immaterial, since the status of the property, so far as this exemption is concerned, was the same at these two dates.

[3] The bankrupt claims that this interest in the growing crop was exempt property when the adjudication was made, under the provisions of section 3036 of the Code of Tennessee (Shan. § 4764), which reads as follows:

"A levy may be made upon a growing crop, but not until the fifteenth of November after such crop is matured, and then only subject to the landlord's lien, if any. If, however, the owner of the crop absconds, conceals himself, or leaves the country, an attachment or execution may be levied on a standing crop at any time."

His contention is, that as this petition in bankruptcy was filed and the adjudication made before the fifteenth of November after the crop matured, such growing crop was then "exempt property" within the meaning of the Tennessee Code and the provisions of the Bankruptcy Act.

After careful consideration, however, I am constrained to conclude that the effect of this Code provision was not to render the bankrupt's interest in this growing crop "exempt property" either at the time the petition was filed or the adjudication made, but merely to postpone the creditors' right to levy thereon after the fifteenth day of

November, when, by the plain terms of the Code provision, it became subject to levy as at common law. This provision of the Code recognizes the common law right to levy upon a growing crop, but postpones its exercise. Edwards v. Thompson, 85 Tenn. 720, 721, 4 S. W. 913, 4 Am. St. Rep. 807. And see Williamson v. Steele, 3 Lea (Tenn.) 527, 31 Am. Rep. 652. Such recognition and postponement of the creditors' common law right to levy upon a growing crop is, however, in my opinion, not equivalent to an exemption of such crop in the hands of the debtor, within the meaning of the exemption laws. No intention is shown on the part of the legislature to permanently set apart such growing crop as an exemption to the owner. On the contrary the very Code provision in question expressly makes the property subject to levy after a specified date. The plain purpose of this provision is evidently, as its language indicates, to protect the crop from levy until time has been allowed for its maturity, and after such date to subject it to levy as other property of the debtor. This provision as to the postponement of the levy is not included in any of the sections of the Code of Tennessee relating to exemptions; and no provision creating an exemption in a growing crop appears in chapter 4, tit. 2, pt. 2 of the Code relating to exemptions. See In re Moore (D. C.) 173 Fed. 679. However, an essential feature of the exemption of property is that it shall be permanently exempt in the debtor's hands from seizure by his creditors under judicial process. In 1 Bouvier's Law Dict. (15th Ed.) 631, an exemption is defined as "the right given by law to a debtor to retain a portion of his property without its being liable to execution at the suit of a creditor, or to a distress for rent." In Taylor v. Winnie, 59 Kan. 16, 51 Pac. 890, 68 Am. St. Rep. 339, it is said that: "As has frequently been declared, exempt property is something towards which the eye of the creditor need never be turned." And in the very definition of "exemption" contained in 18 Cyc. 1374, upon which the bankrupt relies, it is described as "a privilege or immunity allowed by law to a judgment debtor by which he may hold property to a certain amount or certain classes of property, free from all liability to levy and sale, on execution, attachment or other process issued in pursuance of and for the satisfaction of money judgment." And since, as I view it, it is essential to the exemption of property that it shall be permanently exempt from seizure by creditors in satisfaction of their judgments, it follows that the mere postponement for a limited period of the right to levy upon property, with an express recognition of the right to levy thereon after such period of postponement has passed, cannot be regarded, in my opinion, as equivalent to the statutory setting apart of the property as exempt.

I therefore conclude that while, at the date the petition was filed and the adjudication in bankruptcy made, the bankrupt's interest in this growing crop was not subject to levy and sale, it was nevertheless not property "exempt" to the bankrupt under the Tennessee statute.

[4] It is furthermore well settled in Tennessee that the owner's interest in a growing crop is one which he may sell or mortgage prior to the time that a levy is made upon it in accordance with the provi-

sions of the section of the Code in question. Butler v. Hill, 1 Baxt. (Tenn.) 375; Polk v. Foster, 7 Baxt. (Tenn.) 98, 100; Williamson v. Steele, 3 Lea (Tenn.) 527, 529, 31 Am. Rep. 652; Edwards v. Thompson, supra, 85 Tenn. at page 721, 4 S. W. 913, 4 Am. St. Rep. 807; Layman v. Denton (Tenn. Ch. App.) 42 S. W. 153. It therefore follows that, not being exempt property, and being property which the bankrupt could have transferred at the time the petition was filed and the adjudication in bankruptcy made, title thereto must be held to have passed to the trustee under the provisions of section 70 of the Bankrupt Act.

Finding therefore no error in the order of the Referee overruling the bankrupt's exception to the trustee's report refusing to set aside to the bankrupt as exempt his one-half interest in this growing crop, the order of the Referee will be in all things confirmed, and the bankrupt's petition to review dismissed at his costs.