No. 19,575.

ANNA B. SPENCER et al., *Appellants,* v. EMMA D. BARKER, *Appellee.*

SYLLABUS BY THE COURT.

1. EXEMPTIONS—*To Widow and "Children"—"Children" Includes Adults.* The word "children" as used in section 3484 of the General Statutes of 1909 includes adults as well as minors.

2. SAME—*Exempt Personal Property—Vests Absolutely in Widow and Children—Not Subject to Division.* The title to the exempt personal property which by such section the widow is allowed to keep absolutely for the use of herself and the children of the deceased vests in such widow and children, but is not subject to division or partition by such children although they are all of age and living away from the residence of the widow, so long as the widow is so situated as to need the beneficial use of such property.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed June 12, 1915. Modified.

*Hugh Means,* and *Raymond F. Rice,* both of Lawrence, for the appellants.

*John Q. A. Norton,* and *Walter G. Thiele,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

WEST, J.: George J. Barker died leaving certain exempt personal property. A widow, three adult children living in their own homes, and one daughter who became of age September 7, 1913, and at his death was a member of his family, together with his widow, who was the mother of none of these children, are his heirs. The trial court held that this property would have been exempt in the hands of the deceased and had now all become the absolute property of his widow. The children appeal and claim title to and distribution of one-half. It is provided in section 1 of the descents and distributions act that after allowing to the widow and children the homestead and the personal property and other allowances provided by law respecting executors and administrators and the settlement of the estate of deceased persons "the remainder of the real estate and personal effects of the intestate, not necessary for the payment of debts, shall be distributed as hereinafter provided." (Gen. Stat. 1868, ch. 33, § 1, Gen. Stat. 1909, § 2935.) The next section provides that the homestead continued to be occupied as a residence by the widow and children with all improvements thereon "shall be wholly exempt from distribution under any of the laws of this state, and from the payment of the debts of the intestate, but shall be the absolute property of the said widow and children." (§ 2936.) Section 2938 reads:

"If the intestate left no children, the widow shall be entitled to said homestead; and if he left children and no widow, such children shall be entitled to the same."

Provision is made for partition or division when the widow marries or all the children arrive at age. Section 2952 provides in substance that the remaining estate in the absence of a will descends in equal shares to the surviving children and the living issue, if any, of prior deceased children. Section 2964 provides that:

"The personal property of the deceased not necessary for the payment of debts, nor otherwise disposed of according to law, shall be distributed to the same persons and in the same proportions as though it were real estate."

Section 2965 reads:

"The property itself shall be distributed in kind whenever that can be

done satisfactorily and equitably. In other cases, the court may direct the property to be sold and the proceeds to be distributed."

Turning to the executors and administrators act and to article 3, concerning the inventory and allowance to the widow and children, and the debts due the estate, section 3480 requires the appraisers to estimate and appraise the property and each item separately, but section 3484 provides that in addition to her portion of her deceased husband's estate the widow shall be allowed to keep absolutely for the use of herself and the children of the deceased all personal property of the deceased which was exempt to him from sale and execution at the time of his death. It is then provided that if there be no children such articles shall belong to the widow, and if children and no widow, they shall belong to the children. Section 3486 refers to this property as that to which "the widow and children may be entitled" and that which "shall be retained by the widow and children." Section 3504 requires the sale of personal property except "such as may be set apart to the widow and children, as exempt from the payment of debts." Section 3603 reads:

"If any personal property descend, and an equal division thereof can not be made in kind, the probate court may order the sale of such personal property, prescribing the time, place, manner and terms of sale, and cause the money to be distributed according to the rights of those entitled to distribution."

Section 3609 provides that if upon the return of the inventory and appraisement it appears that the whole estate is not more than that to which the "widow and children are by law entitled," without being subject to payment of debts and there are no debts due the estate, or not enough to pay expense of collection and of administration, the court may order the estate delivered to the widow.

Before section 3484 (Laws 1879, ch. 103, § 1) was given its present form the provision at one time that this property be for the widow and minor children was changed to widow and children in 1868. (Compiled Laws 1862, ch. 213, § 1; Gen. Stat. 1868, ch. 37, § 49.) In one instance the court refused to insert the word "minor" (*Vandiver v. Vandiver*, 20 Kan. 501) and here the legislature has eliminated it, and it would seem therefore that the word children is not here confined to those under age.

It appears to be the theory of the plaintiffs that as the one surviving child of the deceased has become of age and ceased to live with the widow the intention of the statute can no longer be carried out by leaving this exempt property in the hands of the widow, and therefore they are entitled to have it partitioned or divided the same as the homestead after the youngest child becomes of age or the widow marries. On the other hand it is contended that the statutes did not create a trusteeship in the widow but vested her with the title to this property and that it is hers absolutely, and such was the conclusion of the court below.

It was held in *Barry v. Barry*, 15 Kan. 587, that a widow whose husband died without issue would take the whole of his estate in case he left a will when she elected to take under the law or failed to take under the will. In *Noecker v. Noecker*, 66 Kan. 347, 71 Pac. 815, it was held that after the enactment of chapter 163 of the Laws of 1883 (Gen. Stat. 1909, § 9812) providing that any married person without children may devise one-half of his or her property to other persons than the husband or wife, one-half could be willed away in such case regardless of the survivor's election to take under the law. In *Breen v. Davies*, 94 Kan. 474, 146 Pac. 1147, it was ruled that a husband having no children may by will dispose of his estate, including exempt personal property, to persons other than his wife notwithstanding her election not to take under the will. Regarding this exempt property it was said in the opinion:

"Provisions for setting apart specific property to the widow on the death of her husband have been held to be entitled to a liberal construction for her benefit, and to apply where there is a will as well as in the case of intestacy." (p. 476.)

At the close of the opinion it was said:

"The old rule that the widow who elects not to take under the will of her childless husband gets just what the law would have given her had there been no will is modified by the new declaration, so that now in that event the will controls to the extent of one-half of the property, and by the operation of the law of descents she receives the remainder." (p. 477.)

In *Continental Ins. Co. v. Daly, Adm'x*, 33 Kan. 601, 7 Pac. 158, holding that insurance on this class of property vested in the widow and children and did not become assets of the estate nor subject to distribution, it was said:

"Here, however, the property insured, upon the death of J. L. Daly

descended to his widow and children, and absolutely vested in them and was subject to their disposition. . . . If they desired to avail. themselves of the benefits of the policy, it was their duty, and not that of the administratrix, to have kept it alive and to comply with the conditions of the policy to be performed by the insured." (p. 608.)

Like the language just quoted from *Breen v. Davies,* supra, this indicates the view that the widow and children obtained title to this exempt property by descent and not by the provision of the executors and administrators act setting it apart for their use. In *Donmyer v. Donmyer,* 43 Kan. 444, 23 Pac. 627, the lower court held that the widow was entitled to keep absolutely for the use of herself and children of the deceased certain exempt property in addition to that mentioned in subdivision 6 of the exemption act (Gen. Stat. 1909, § 3649, subdiv. 6) and this court speaking through Mr. Chief Justice Horton said: "Giving the statute a liberal construction, we think the district court ruled rightly in holding that the widow and children were entitled to" (p. 445) the items of property in dispute. In *Taylor v. Winnie,* 59 Kan. 16, 51 Pac. 890, it was held that the law library of a professional man who died leaving a son more than twenty-one years of age, not dependent upon him for support, was exempt and passed absolutely to such son. In the opinion it was said that to entitle a widow or children to the benefits of the provisions in question it is not necessary that they should have been residing with the deceased at the time of his death or dependent upon him for support.

"There are doubtless greater reasons for providing exemptions .in favor of the head of a family and extending the protection of the exemption to a widow or children who were dependent on him for a support. From considerations of public policy, however, an exemption is absolutely given to one who is not the head of a family; and the statutes provide without qualification that personal property of the deceased at the time of his death shall be kept by the widow or the children regardless of condition, age, or residence. It is contended that where there is no family relation or family needing protection there is no reason why the property of the deceased should not be appropriated to the just claims of creditors. But this is an argument to be addressed to the law-making department. It was competent for the Legislature to extend the exemption to one who was not the head of a family, and to provide that upon his decease the property should pass absolutely to the widow and children. It has done so in terms that admit of no doubt; and with the necessity or wisdom of such provision the court has nothing to do. It can not be

regarded as a hardship upon creditors, as credit could not have been extended or satisfaction anticipated from the property in question." (p. 18.)

In support of the theory that the widow takes full title, attention is called to the language of section 3484 of the General Statutes of 1909, that "in addition to her portion of her deceased husband's estate, the widow shall be allowed to keep absolutely, for the use of herself and children of the deceased," the exempt property. To keep absolutely is to invest one with such power and authority as may well be said to amount to full title. In the ordinary case where the husband dies, leaving a widow and children, it would be natural to suppose that whether the latter be minors or adults their mother would regard the admonition of the statute to keep this property absolutely for their use as well as for hers, and that only by this method can the ordinary affairs of the family bereaved of husband and father be properly and naturally managed. The further fact that the statute is silent as to partition when the children all become of age or the widow marries is urged as an indication that the legislature did not intend that in this respect this exempt personal property should follow the rule applicable to the homestead. A further suggestion is that the legislature was attempting by the general language used in section 3484 to make a rule applicable to all cases which would as nearly as possible in all cases bring the desired results, and it might well be in many instances that the *bona fide* use by the widow of the exempt property as directed would necessarily absorb and dissipate the property itself so that there would be nothing left for division or partition in any event. The facts that in this case the children were all of age but one, who soon became of age, and that the widow was not their mother do not take the case from under the rule, but leave it exactly as applicable as if the circumstances were entirely different.

A careful scrutiny of the statutes, however, leads to a different conclusion. "To keep absolutely, for the use of herself and children of the deceased" (§ 3484), means a trusteeship in which the widow is trustee for herself and children as the common beneficiaries. If, regardless of children, this property is to belong to her how idle to say if there be no children "then the said items shall belong to the widow." (§ 3485.) If the

children are not entitled to this property, as well as the widow, the language of section 3486, referring to this property as that "to which the widow and children may be entitled" is certainly inapt, and if the widow is to keep or retain the property absolutely as full and complete owner the same section uses strange language when it provides that it "shall be retained by the widow and children." Likewise section 3504, referring to this property as "set apart to the widow and children," and section 3609 as "that to which the widow and children are by law entitled." One definition of "entitled" is "To give a title to." (Webster's New Int. Dict.; *Nation v. Tulley*, 86 Kan. 564, 571, 121 Pac. 507.) The unmistakable meaning of these expressions, and they must all be given due force, is that this property, while entirely freed from the reach of creditors, is wholly dedicated to the use of the widow and children of the deceased, the title being in both, but the possession being in the former. It is set apart to be kept by the widow absolutely for the use of herself and children of the deceased, to whom it descends by the law of descents and distributions and for whom it is to be used and by whom it is not to be squandered. Should a case arise in which the widow should attempt to fritter away this property foolishly or divert it or deprive the children of their beneficial use no reason suggests itself why they might not proceed against her in order to maintain their rights thus vested in them by the statute. Doubtless as long as either the widow or the children, or both, are so situated and circumstanced as to need the beneficial use of the property it is not subject to partition or division, but this in no wise militates against the title of the children, and in this case should the widow be taken away it seems perfectly clear that the property in question would go, one half to her heirs and the other half to the heirs of George J. Barker.

This appeal presents no question whatever of improper use of the exempt property, simply that of title and present right of possession, and while the decision of the trial court was correct in denying plaintiffs' right to partition of the property it was erroneous in denying their title to a one-half interest therein.

The cause is therefore remanded with directions to modify the judgment as indicated.

Justices BURCH, MASON and DAWSON dissent.