**In re Luther MARKLIN and Corine Marklin, Sherman E. Marklin and Rebecca Marklin, Barry Stringfield and Caroline Stringfield, Debtors.**

**Bankruptcy Nos. 1–81–00332, 1–81–00333 and 1–81–00078.**

United States Bankruptcy Court,
W. D. Kentucky.

Jan. 18, 1982.

Henry H. Dickinson, Glasgow, Ky., for Trustee.

Flora T. Stuart, Bowling Green, Ky., for debtors Stringfield.

G. William Leach, Bowling Green, Ky., for debtors Marklin and Marklin.

### ORDER

STEWART E. BLAND, Bankruptcy Judge.

Each of the above bankruptcy cases originally came before the Court on objection of the trustee, Henry H. Dickinson, to the claimed exemptions of the debtors in growing crops and/or their proceeds. Since each case has a common and decisive issue of law within the meaning of Rule 42 of the Federal Rules of Civil Procedure as made applicable to bankruptcy proceedings by Rule 742 of the Rules of Bankruptcy Procedure, these controversies should be and are consolidated for the purposes of their determination here.

The facts pertinent to the issue in controversy are uncontroverted and can be briefly stated.

The debtors, Stringfield, claimed in the B–4 schedule, *Property Claimed Exempt*, among other property an exemption in "wages received from farm, Section ·1, KRS 427.010, amount unknown". By amendment filed on April 13, 1981, they

clarified the amount and the statutory support for its allowance. The amendment states: "Farm crops for 1981, Section 1, KRS 427.010, KRS 427.160, Title II, Sec. 522(f)—$7,309.51." By an addendum, the exact amount sought to be set aside as exempt was recited as $6,903.51. The trustee objected to the claimed exemption on April 30, 1981.

Sherman and Luther Marklin, together with their respective spouses, filed voluntary petitions in bankruptcy on September 15, 1981. In Schedule B-4, the Marklins pleaded exempt the following property: "Earnings of debtors (interests in crops as shown in Schedule B-2), KRS 421.010(2)—$9,300". The § 341 meeting of creditors was held on October 9, 1981, and the trustee thereafter, on October 16, 1981, filed his objection.

The Court, having reviewed the memoranda of argument and legal authority and pertinent statutory provisions, must conclude that the debtors' reliance on KRS 427.010 is misplaced and find in favor of the trustee.

In *Williams v. Carter*, 209 Ky. 461, 273 S.W. 88 (1925), the Court of Appeals in Kentucky, citing *Terrell v. Cheatham*, 200 Ky. 667, 255 S.W. 262 (Ky.1918), stated:

"It is certain, of course, that the Legislature intended that with the exceptions named growing crops, unless severed from the ground, should not be levied on or sold under execution, attachment, or any other legal or equitable proceeding whatever until the 1st day of October in each year; but it does not necessarily follow that the purpose of the Legislature was to affect the decision in *Blincoe v. Lee*, and in our opinion it did not have the effect of changing the rule there announced. *The statute does not exempt growing crops from the payment of debt. Its only effect is to prevent a levy or coercive sale for a limited period of time.*" (Emphasis added.) *Id.* at 89.

Furthermore, for an exemption to be allowable, it is necessary for the property to be permanently in the possession of the bankrupt free from present and future seizure by his creditors under judicial process. *In Re T. C. Burnett Co.*, 201 F. 162 (E.D.Tenn. 1912). For the foregoing reasons,

IT IS ORDERED AND ADJUDGED that the trustee's objections be and are sustained.